Rivas v Nestle Realty Holding Corp. (2020 NY Slip Op 06368)





Rivas v Nestle Realty Holding Corp.


2020 NY Slip Op 06368


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Gische, J.P., Webber, González, Scarpulla, JJ. 


Index No. 304599/15 Appeal No. 12260 Case No. 2019-03632 

[*1]Gustavo Rivas, Plaintiff-Respondent,
v
Nestle Realty Holding Corp., et al., Defendants-Appellants, Trillium Image Corp., Defendant.


McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP, Carle Place (John E. McLoughlin of counsel), for appellants.
Oresky & Associates, PLLC, Bronx (Joshua E. Goldblatt of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about July 5, 2019, which granted plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff met his initial burden of proof by submitting evidence that he fell to the ground when he placed his foot on the top step of a recently constructed stairway leading to the elevated deck where he was to perform his work. He testified that the stairway was the sole means of access to his work area. According to plaintiff, the stairway was unfinished and lacked handrails and supports under each step. Plaintiff testified that the top step became detached from the stairway. This testimony establishes prima facie that defendants failed to provide plaintiff with a proper elevation-related safety device, in violation of Labor Law § 240(1), and that this violation proximately caused plaintiff's injuries (see Conlon v Carnegie Hall Socy., Inc., 159 AD3d 655 [1st Dept 2018]; Gory v Neighborhood Partnership Hous. Dev. Fund Co., Inc., 113 AD3d 550 [1st Dept 2014]).
In opposition, defendants failed to raise an issue of fact as to whether the stairway was the sole means of access to the elevated deck. Plaintiff's use of a ladder on a previous occasion does not raise an issue of fact because defendant failed to submit sufficient evidence showing that a ladder or other safety device was readily available on the day of the accident or that a ladder was an adequate safety device for the job (see Noor v City of New York, 130 AD3d 536, 539-540 [1st Dept 2015], lv dismissed 27 NY3d 975 [2016]).
Defendants also failed to raise an issue of fact as to whether plaintiff was the sole proximate cause of his accident, given the undisputed failure of the stairway to protect him (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003] ["Under Labor Law § 240(1) it is conceptually impossible for a statutory violation (which serves as a proximate cause for a plaintiff's injury) to occupy the same ground as a plaintiff's sole proximate cause for the injury"]; DeRose v Bloomingdale's Inc., 120 AD3d 41, 45 [1st Dept 2014]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020